NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ARTURO PARRA-CAMACHO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2373 <br><br> Agency No. A095-660-807 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Phoenix, Arizona

Before: W. FLETCHER, WALLACH[***], and R. NELSON, Circuit Judges.

Luis Arturo Parra-Camacho ("Petitioner"), a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying his motion to reopen his removal proceedings. The sole question before

the court is whether we have jurisdiction to review the BIA's refusal to exercise its

discretionary authority to reopen removal proceedings *sua sponte* pursuant to 8

C.F.R. § 1003.2(a). We hold that we have no jurisdiction and dismiss the petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

for review.

We have jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority only "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). "The scope of our review under *Bonilla* is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (internal citations omitted).

The BIA's stated reasoning for declining to exercise its *sua sponte* authority consisted of a single sentence: "The respondent did not show that his case presents an exceptional situation that would warrant the Board's exercise of its discretion to reopen or reconsider sua sponte." Petitioner argues that this decision was premised on a flawed understanding of the merits of his underlying application for cancellation of removal. Petitioner relies for support on an allegedly misleading statement in a separate paragraph of the BIA's opinion. There is no indication that this statement influenced the agency's denial of Petitioner's request for *sua sponte* reopening. Our review "is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion [under 8

C.F.R. § 1003.2(a)]." *Lona*, 958 F.3d at 1234 (emphasis in original). We therefore lack jurisdiction to review the BIA's decision.

**PETITION DISMISSED.**